UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL E. ANTOINE,<br><br>           Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>           Defendant. | Case No. CV 12-2459-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred when he rejected a treating doctor's opinion regarding Plaintiff's functional limitations. For the reasons discussed below, the Agency's decision is reversed and the case is remanded for further consideration.

## II. SUMMARY OF PROCEEDINGS

In June 2008, Plaintiff applied for SSI, alleging that he was disabled due to a broken left shoulder and arthritis. (Administrative Record ("AR") 93, 112-13.) His application was denied at the

initial level. (AR 51, 55-59.) He then requested and was granted a hearing before an ALJ. (AR 61-62, 67-72.) On January 20, 2010, he appeared with counsel for the hearing. (AR 34-50.) On March 5, 2010, the ALJ issued a decision denying benefits. (AR 21-30.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-5, 15.) This action followed.

### III. ANALYSIS

Plaintiff contends that the ALJ erred when he rejected the opinion of treating doctor Craig Chanin, who found that Plaintiff's left arm impairment, which he suffered after being injured during his work duty while incarcerated, would prevent him from lifting objects weighing more than five pounds and require him to take a five- or ten-minute "stretch break" for every hour he worked. (AR 271, 274, 282, 289, 292.) The ALJ did not adopt these limitations but instead determined that Plaintiff would be able to perform light work, i.e. work that requires occasionally lifting up to 20 pounds and frequently lifting up to ten pounds, so long as he used his left hand no more than occasionally and did not use it above shoulder level. (AR 27.) The ALJ did not address the break requirement at all. For the following reasons, the Court concludes that further consideration of this issue is warranted.

"By rule, the [Agency] favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that a treating physician's opinion "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual'" (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987))). For

this reason, generally speaking, a treating physician's opinion that is well-supported and not inconsistent with other substantial evidence in the record will be given controlling weight.  *Orn*, 495 F.3d at 631. That being said, however, an ALJ is not required to simply accept a treating doctor's opinion.  Where, as here, Dr. Chanin's opinion was contradicted by reviewing physician A. Ahmed, who opined that Plaintiff could do light work (AR 160-66), the ALJ was empowered to reject it for specific and legitimate reasons that were supported by substantial evidence in the record.  *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (quoting *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)); *Morgan*, 169 F.3d at 600.

Dr. Chanin evaluated Plaintiff in September 8, 2008 in connection with a claim that he submitted after injuring his shoulder.  (AR 277-83.)  Dr. Chanin noted that Plaintiff had undergone surgery on his shoulder in March 2005 and again in March 2008.  (AR 278.)  After examining him, Dr. Chanin found that Plaintiff was temporarily partially disabled and that he would not be able to climb, bend, stoop, kneel, or squat; perform overhead work with his left arm; lift, push, or pull more than five pounds; use his left arm in a prolonged repetitive motion; grip, grasp, or twist with his left hand; and that he would have to take a five- or ten-minute break for each hour worked.  (AR 281-82.)  Dr. Chanin made the same findings in a series of follow-up reports between October 6, 2008 and February 12, 2009. (AR 271, 274, 285, 289, 292.)

In August 2009, Plaintiff was examined by Dr. Roger Sohn, who found that he had "obvious weakness with stiffness of the left shoulder" and suffered from severe degenerative disease that would ultimately require him to undergo a total shoulder replacement.  (AR

178, 179.)  Dr. Sohn limited him to "no substantial work and no work at or above shoulder level."[1]  (AR 178.)

The ALJ discounted these opinions, finding that (1) the determination of disability is an issue reserved to the Agency; (2) Dr. Chanin noted Plaintiff's shoulder impairments, but also found him limited in activities "unrelated to the shoulder, such as kneeling and climbing"; and (3) the record did not support the degree of limitations assessed by the doctors.  (AR 28.)  For the reasons explained below, the Court finds that these justifications are inadequate.

Although the ALJ was not required to accept the treating doctor's opinion that Plaintiff was disabled, the fact that Dr. Chanin offered an opinion on that issue does not mean that his entire opinion should have been disregarded.  *See Orn*, 495 F.3d at 631-33 (explaining, even if treating doctor's opinion is not entitled to controlling weight, it must still be considered by ALJ); *see also Holohan v. Massanari*, 246 F.3d 1195, 1203 (9th Cir. 2001) (holding treating doctor's controverted opinion on ultimate issue of disability must be credited unless it can be rejected for specific and legitimate reasons).

The ALJ's second justification for rejecting the treating doctor's opinion was that it contained limitations against kneeling and climbing that, seemingly, were not supported by the record or the doctor's own findings.  Although, generally speaking, this is a legitimate reason for discounting a treating doctor's opinion,

---

[1] Although the ALJ purported to reject Dr. Sohn's opinion that Plaintiff was temporarily disabled and would be limited as found by Dr. Chanin, (AR 28), the record shows that Dr. Sohn did not offer that opinion or make those findings; rather, he was reporting Dr. Chanin's opinion and findings.  (AR 175.)

*see, e.g.*, *Johnson v. Shalala*, 60 F.3d 1428, 1432-33 (9th Cir. 1995) (affirming rejection of treating doctor's opinion expressed in letter that was inconsistent with doctor's own findings), it is not supported by the record.  In his initial evaluation on September 8, 2008, Dr. Chanin noted that Plaintiff experienced pain when performing a variety of activities of daily living, including grooming, bathing, and dressing.  (AR 278.)  Dr. Chanin recommended a course of physical therapy and restricted Plaintiff from climbing, bending, stooping, kneeling, or squatting, presumably as a prophylactic measure in case Plaintiff were to reinjure himself using his left arm in the process of performing these activities.  (AR 281.)  Furthermore, the ALJ himself found that Plaintiff could not climb ladders, balance, or crawl because of his left arm impairment, without providing any further explanation for this finding.  (AR 27.)  In any case, the ALJ did not take issue with Dr. Chanin's restrictions on lifting, pushing, and pulling, which are the restrictions that conflict with the ALJ's determination that Plaintiff could perform light work, nor did he address Dr. Chanin's opinion that Plaintiff would be required to take a break every hour.

Finally, the ALJ found that the record did not support "such extreme limitations" as found by Dr. Chanin and Dr. Sohn.  (AR 28.) He did not, however, point to those portions of the record that contradict the doctors' opinions.  This generic, unspecified explanation for rejecting the doctors' opinions is not permitted. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (rejecting ALJ's decision to discount treating physician's opinion on ground that it was "contrary to the preponderant conclusions mandated by those objective findings").

1    Having concluded that the ALJ erred in rejecting Dr. Chanin's
2 opinion, the Court must now determine whether the error was harmless,
3 i.e. whether it was inconsequential to the ALJ's ultimate finding that
4 Plaintiff was not disabled. *See Stout v. Comm'r, Soc. Sec. Admin.*,
5 454 F.3d 1050, 1055 (9th Cir. 2006) (holding error that is
6 "inconsequential to the ultimate nondisability determination" is
7 harmless).  Here, the Court concludes that it was not harmless.  If
8 Plaintiff were restricted to lifting no more than five pounds, as Dr.
9 Chanin found, he would not be able to perform either of the jobs
10 identified by the vocational expert, Cashier 2 or receptionist
11 information clerk, both of which require the ability to perform light
12 work.  (AR 47-48.)  Nor is it clear how a requirement that Plaintiff
13 take a five-minute break every hour would have impacted the vocational
14 expert's testimony that Plaintiff could find work.  For these reasons,
15 the case is remanded.[2]

IV.   CONCLUSION

17    For the reasons set forth above, the Agency's decision is
18 reversed and the case is remanded for further consideration.
19    IT IS SO ORDERED.
20    DATED: January 2, 2013

                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\ANTOINE, 2459\memo opinion and order.wpd

---

[2]  The Court has considered Plaintiff's request that the case be remanded for an award of benefits and finds that this relief is not warranted here because it is not clear whether Plaintiff is disabled.